UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 1 8 2018

Lewis Family Group Fund LP, *et al.*,

Plaintiffs,

–v–

JS Barkats PLLC, *et al.*,

Defendants.

16-CV-5255 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Now before the Court is the motion of Defendant JPMorgan Chase Bank, N.A. ("Chase" or "Defendant") to dismiss the claims asserted against it in the Second Amended Complaint. As detailed below, the Court GRANTS Defendant Chase's motion.

I.      **Background**

   A.      **Overview of Allegations in the SAC**

This action primarily concerns an alleged RICO conspiracy principally perpetrated by Defendants Sunny J. Barkats (a/k/a Sanny Barkats) and his law firm, JSBarkats PLLC, (together, the "Barkats Defendants"), against Plaintiffs Lewis Family Group Fund LP (the "Fund," f/k/a Lewis Family Investments Fund LP), LF Fund GP LLC ("LF GP"), and Kelly Ann Lewis ("Lewis," collectively, the "Plaintiffs"), a family investment fund operated and managed by Lewis. *See* Second Amended Complaint ("SAC"), Dkt. No. 71, ¶¶ 1-2, 14-19. Plaintiffs allege that the Barkats Defendants used various "schemes and artifices" to defraud Plaintiffs of over $100,000 of its investment funds, including by fraudulently inducing Plaintiffs to sign irregular contractual provisions inserted into complex agreements through false representations and pretenses. SAC ¶¶ 2-4. Plaintiffs plead twelve counts against the Barkats Defendants, including RICO, breach of contract, breach of fiduciary duty, conversion, constructive trust, fraudulent

1

inducement, and other common law tort claims. Plaintiffs also seek to enjoin the Barkats Defendants from their retention and use of the Fund's assets and from continuing any business or legal activities in the name of the Fund without Lewis's authorization. SAC ¶ 5. Plaintiffs allege additional conduct and plead additional claims against the Barkats Defendants in their 113-page SAC that are not described here, and the Court only summarizes what is most pertinent to the present motion.

In addition to Plaintiffs claims against the Barkats Defendants, they also plead three causes of action against Chase. To further the Barkats Defendants' alleged "schemes," Barkats opened up a commercial bank account with Chase in the name of the Fund, into which $260,000 was wire transferred by Lewis a few days later. SAC ¶ 69. Chase opened the account based on a one-page certificate of partnership filed by JSBarkats PLLC as "manager" of the LF GP. SAC ¶ 70. Lewis was not made a signatory on the account. SAC ¶ 73. Lewis authorized one loan of $14,000 to her brother's company in August of 2015, and in October 2015 transferred the balance of the account totaling $111,700 to a new Chase account she opened in California. SAC ¶ 75. However, after subtracting these amounts from the original $260,000 transferred into the Barkats-controlled Chase account, Plaintiffs contend that roughly $145,000 must be accounted for as monies disbursed or invested by the Barkats Defendants without authorization of the Plaintiffs. SAC ¶ 76.

After Lewis transferred the balance in the Chase account to the other account in California, Barkats contacted Chase and claimed that he had sole management rights to the monies in the Fund account and that Lewis's transfer was unauthorized. SAC ¶ 109. Faced with "conflicting information and competing claims…with respect to a right to the Funds," Chase froze the entire balance of $111,700 and filed an interpleader action in November 2015 in the Superior Court of California, Los Angeles County – Central District (hereafter, the "California Court"), requesting that the court discharge Chase from all liability. SAC ¶¶ 110-11; Declaration of Tod V. Beebe ("Beebe Decl."), Dkt. No. 83, Ex. A.

Plaintiffs plead three causes of actions against Chase. First, in Count XI, Plaintiffs charge that Chase is liable under provisions of Article 4 of the Uniform Commercial Code for failure to meet various obligations in allowing Barkats to open up the checking account bearing the name "Lewis Family Fund Investment," and for allowing him to make withdrawals without requiring Lewis as an authorized signer. *See* SAC ¶¶ 274-93. Second, in Count XII, Plaintiffs allege that Chase engaged in tortious and/or bad faith conduct in freezing Lewis's funds and commencing an interpleader action. SAC ¶¶ 294-302. Third, in Count XV, Plaintiffs claim Chase committed negligent infliction of emotional distress and concomitant physical injury in its breach of the duty of cure owed to Lewis. SAC ¶¶ 313-16.

**B.     Chase's Interpleader Action in California and Chase's Present Arguments**

On January 17, 2017, the California Court ruled that Chase's interpleader action was proper and discharged Chase from liability. *See* Beebe Decl., Ex. M (discharging Chase "from all liability on or arising out of the rights and obligations of the parties to this action with respect to the sum of $111,700.00"). The California Court's order also "permanently enjoined and restrained" both the Plaintiffs and the Barkats Defendants from "instituting or prosecuting any further action against JPMorgan Chase Bank with regard to the sum of $111,700.00 previously held by JPMorgan Chase Bank." *Id.* Plaintiffs in this matter then moved the California Court for reconsideration of its January 17 Order. *See* Beebe Decl., Ex. O. Upon reconsideration, the California Court affirmed its previous decision on March 17, 2017. *See* Beebe Decl., Ex. S. No appeal was filed and the time to appeal has expired.

Notwithstanding the pendency of the interpleader action, Plaintiffs sued Chase in this Court on July 1, 2016. Dkt. No. 1. On the basis of the California Court's disposition, Chase moves to dismiss Plaintiffs' present complaint against them on two procedural grounds. *See* Dkt. Nos. 79-84. First, Chase asserts that all three causes of action are barred by California's compulsory counterclaim rule, "which required Plaintiffs to assert their claims in a cross-complaint against Chase in the Interpleader Action." *See* Memorandum of Law in Support of

3

JPMorgan Chase Bank, N.A.'s Motion to Dismiss the Second Amended Complaint ("Mem."), Dkt. 84, at 2, 13-14. Second, Chase argues that two of the three claims are barred by the doctrines of *res judicata* and collateral estoppel (or claim and issue preclusion, respectively) because of decisions made by the California Court. *Id.* at 9-13. Third, and finally, Chase argues in the alternative that all three claims should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 15-24.

Since, as explained below, the Court dismisses all three claims against Chase on the basis of California's compulsory counterclaim rule, it declines to address the second and third arguments.

## II. Discussion

### A. California's Compulsory Cross-Complaint Rule Applies to Interpleader

Chase's argument that Plaintiffs' three claims are barred because they were required to assert them in a compulsory cross-complaint during the Interpleader Action is quite simple.

> California Civil Procedure Code § 426.30(a) states:
> Except as otherwise provided by statute, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded.

Designed to prevent "piecemeal litigation," the statute provides for two exceptions – when the court lacks jurisdiction over the new claim, and when no answer was filed. *Cheiker v. Prudential Ins. Co. of Am.*, 820 F.2d 334, 337 (9th Cir. 1987) (citing § 426.30); *accord Saunders v. New Capital for Small Bus., Inc.*, 231 Cal. App. 2d 324, 334 (1964) (finding the purpose of the statute is "to provide for the settlement in a single action of all conflicting claims between the parties arising out of the same transaction and thus to avoid multiplicity of actions and conflicting judgments."). Neither of these exceptions applies here. A final judgment is also not required for § 426.30 to have effect. *See Conopco, Inc. v. Roll Intern. Corp.*, 231 F.3d 82, 91 (2d Cir. 2000). Consequently, assuming that Plaintiffs' claims against Chase are all "related cause[s] of action"

4

that they could have brought at the time of the Interpleader Action, Plaintiffs would be barred from raising them before this Court.

Plaintiffs attempt to complicate the clear mandate of this provision, suggesting that California courts have not applied the compulsory cross-complaint statute to interpleader actions. *See* Memorandum of Law in Opposition to Motion to Dismiss ("Opp."), Dkt. No. 92 at 9-13. Moreover, Plaintiffs further argue that none of the claims they assert against Chase here even *could* have been raised within the interpleader action. *Id.* at 11-13. Specifically, Plaintiffs argue that *Cheiker*, in which the Ninth Circuit squarely held that "California's cross-complaint statute applies to interpleader actions," 820 F.2d at 337, fails to account for a California Supreme Court ruling from 1917. *See* Opp. at 10 (citing *Conner v. Bank of Bakersfield*, 174 Cal. 400, 403 (1917)).

Yet a close analysis of the relevant case law belies Plaintiffs' claims. In *Cheiker*, Defendant Prudential Insurance Company had filed an interpleader and then moved to be discharged from the action, which the court granted. *See* 820 F.2d at 336. The appellant then filed a complaint alleging various contract and tort causes of action against Prudential based on the contention that the interpleader was wrongful. *Id.* Upon analyzing § 426.30 as well as California's interpleader statute, the Ninth Circuit held that given that appellant's "federal causes of action arose out of the same transaction or series of transactions as the interpleader action...[they] should have been pleaded in the form of a complaint against Prudential in the Interpleader action." *Id.* at 337.

Plaintiffs rely heavily upon the California Court of Appeals case *State Farm Fire* in arguing that *Cheiker* misstates California law, but it does not support the entirety of their contentions. *See* Opp. at 10-11 (citing *State Farm Fire & Cas. Co. v. Pietak*, 90 Cal. App. 4th 600 (2001)). In *State Farm Fire*, the appellant Gary Pietak filed a federal action alleging, *inter alia*, that State Farm had breached its duty of good faith and fair dealing in bringing an interpleader action while simultaneously not opposing the discharge of State Farm from the interpleader action itself. 90 Cal. App. 4th at 605-06. State Farm then moved to dismiss based

on the compulsory cross-claim rule and the appellant argued that he relied on his lawyer's interpretation of the interpleader statute, and that, if his interpretation was erroneous, the mistake was excusable. *Id.* at 607. The *State Farm Fire* court found that "[i]t was reasonable for Pietak to conclude…that he was not required to assert his claims in the interpleader action by way of cross-complaint," but the court expressly disclaimed its need to decide "whether Pietak's claim could or must have been filed as a cross-complaint in the interpleader action." *Id.* at 614, n. 8. Moreover, the court noted that "if a stakeholder does not object to an independent claim raised by a claimant, there is no reason to believe it cannot be considered in the interpleader action." *Id.* at 614. Ultimately, the *State Farm Fire* court only concluded, in the context of appellant's claim of legal mistake, that it "is arguable [the interpleader statute] is an exception to the compulsory cross-complaint rule of section 426.30." *Id.* at 615.

Thus, Plaintiffs' reliance on *State Farm Fire* is misplaced for two reasons. First, the court never explicitly reached a conclusion that contradicts *Cheiker*, or, for that matter, that contradicts the unpublished Ninth Circuit opinion in *Pietak v. State Farm Fire & Cas. Co.* in which the federal court's judgment finding Pietak's claim a mandatory cross-complaint was affirmed. No. 98-15089, 1999 WL 599478, at *1 (Aug. 10, 1999). Second, as the remedy of an interpleader is for the benefit of the stakeholder who can "deposit the sum and walk away," the *State Farm Fire* court noted that absent a stakeholder's objection, "there is no reason to believe" the independent claim cannot be considered in the interpleader action. 90 Cal. App. 4th at 614. Chase clearly stated in its first motion to dismiss, prior to the final ruling of the interpleader court in this action, that "all of plaintiff's claims against Chase may be decided in the Interpleader Action." *See* Memorandum of Law in Support of JPMorgan Chase Bank, N.A.'s Motion to Dismiss the Amended Complaint, Dkt. No. 33, at 2 (Sept. 23, 2016); *see also* Reply Memorandum of Law in Further Support of JPMorgan Chase Bank N.A.'s Motion to Dismiss the Amended Complaint, Dkt. No. 50, at 3 (Nov. 23, 2016). Thus, unlike Pietak, Plaintiffs did have explicit notice that the stakeholder would not object to their filing these claims via cross-complaint. In *Doublevision*, a California district court considered the seeming inconsistency

6

between *Cheiker* and *State Farm Fire* and concluded that "[t]he dicta of [the *State Farm Fire*] decision does not warrant deviating from *Cheiker*." *Doublevision Entmn't, LLC v. Navigators Specialty Ins. Co.*, No. C14-02848WHA, 2015 WL 5821414, at *9 (N.D. Cal. Oct. 6, 2015). This Court agrees.

### B. Plaintiffs' Claims Here Are Sufficiently "Related" to the Interpleader Such That the Compulsory Cross-Complaint Provision Applies

Having concluded, then, that § 426.30 requires "related" claims to be brought via cross-complaint in an interpleader action, at least in a situation in which the stakeholder did not object to the cross-complaint, the only remaining question is whether Plaintiffs' claims against Chase are sufficiently "related" to the interpleader.

A "related cause of action" is defined as "a cause of action which arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause of action which the plaintiff alleges in his complaint." Cal. Civ. Proc. Code § 426.10(c). The *Cheiker* court broadly defines "transaction" such that it "is not confined to a single, isolated act or occurrence...but may embrace a series of acts or occurrences logically interrelated." 820 F.2d at 337 (quoting *Saunders*, 231 Cal. App. 2d at 336) (internal quotation marks omitted). In this respect, "transaction" as defined for § 426.30 "parallels the interpretation of the same term found in the comparable Federal Rule of Civil Procedure on compulsory counter-claims." *Saunders*, 231 Cal. App. 2d at 336. "[T]he critical term has been construed so as to effectuate the purpose of avoiding multiplicity of actions." *Id.* Because of this, the logical relation test "does not require 'an absolute identity of factual backgrounds for the two claims, but only a logical relationship among them.'" *Beats Elecs., LLC v. Lamar*, No. CV 14-7537 FMO, 2015 WL 9694787, at *5 (C.D. Cal. Aug. 31, 2015) (quoting *Currie Med. Specialties, Inc. v. Bowen*, 136 Cal. App. 3d 774, 777 (1982)). "At the heart of the approach is the question of duplication of time and effort; i.e., are any factual or legal issues relevant to both claims?" *Currie Med.*, 136 Cal. App. 3d at 777.

Counts XII and XV are clearly related. Count XII charges Chase with acting negligently, recklessly, and/or in bad faith by freezing, interpleading, and depositing the funds in the account with the Clerk of the California Court. SAC ¶¶ 294-302. Count XV alleges that as a result of this same conduct, Chase caused negligent infliction of emotional distress and concomitant physical injury upon Lewis. SAC ¶¶ 313-16. In both cases, there is little question that Plaintiffs' federal causes of action "arose from the same transaction or series of transactions as the interpleader action." *Cheiker*, 820 F.2d at 337. Both claims center on the propriety of Chase's decision to file the interpleader action.

The claims are so clearly related that the Plaintiffs' actually raised these same issues in the interpleader action.[1] For example, Lewis submitted a declaration opposing Chase's discharge motion in that action in which she alleged that Chase acted in bad faith in freezing the funds and filing the interpleader action. *See* Beebe Decl. Ex. I (Lewis Decl.) ¶¶ 16-23, 29, 35; *see also* Beebe Decl. Ex. J (Mem. of Law Opposing Discharge) at 5 ("CHASE has utterly failed to establish its right to interplead the funds in the first phase of the action..."). Each Plaintiff also raised the issue of the propriety of the interpleader in their answer to the interpleader complaint. *See* Beebe Decl. Ex. C (Fund's Answer) ¶¶ 16-17, p. 3; Ex. D (LF GP's Answer) ¶¶ 16-17, p. 3; Ex. E (Lewis's Answer) ¶¶ 16-17. As for the claim for negligent infliction of emotional distress, the Plaintiffs' cite the "foregoing negligent, reckless and/or bad faith conduct by defendant CHASE...in freezing and then interpleading" as the predicate conduct for Lewis's emotional distress, thus basing the claim on the same central conduct. SAC ¶ 314. The Court finds that both Counts XII and XV are sufficiently related to the interpleader such that the compulsory cross-complaint rule applies. Accordingly, these two Counts are dismissed as barred.

While Plaintiffs' claim in Count XI is a slightly closer call, the Court also finds it sufficiently related. Plaintiffs allege that Chase violated Article 4 of the New York Uniform

---

[1] Although the Court declines to reach Chase's arguments with respect to the doctrine of claim preclusion, the Court notes that there may be independent grounds for dismissing Counts XII and XV aside from the effect of California's compulsory cross-complaint.

Commercial Code ("UCC"), specifically sections 4-103, 4-401, and 4-406, in failing to exercise ordinary care when allowing Barkats to open up Plaintiffs' checking account in the name of "Lewis Family Fund Investment" without adding Lewis as an authorized signer. SAC ¶¶ 274-84. Additionally, Plaintiffs allege that Chase acted negligently and in a commercially unreasonable manner in allowing Barkats to execute various deposits, withdrawals, and transfers. SAC ¶¶ 285-292.

While Count XI focuses on a broader swath of Chase's conduct than its filing of the interpleader action, namely, its actions in opening and maintaining the account at issue, these actions are still a part of a "series of transactions or occurrences" at issue in the interpleader action. Implicit in Plaintiffs' arguments attacking Chase's use of interpleader is their claim that Chase should never have created the opportunity for this dispute to arise by allowing Barkats to open up and control the at-issue account. In fact, in pleading Count XV, Plaintiffs make direct reference to many of the allegations made with respect to Counts XI. *See* SAC ¶ 313 (specifically incorporating by reference SAC ¶¶ 288-93).

Chase's acts in establishing and maintaining the at-issue account, and later in filing the interpleader action, are "logically interrelated," and based on many of the same factual issues, and the Court finds them sufficiently related such that Count XI should also be barred to effectuate the purpose of the compulsory cross-complaint statute.

### III. Conclusion

Per the foregoing analysis, all three of Plaintiffs' causes of action against Defendant JPMorgan Chase are barred by California's compulsory cross-complaint statute. Chase's motion to dismiss is GRANTED. The Clerk of Court is respectfully directed to terminate Chase from this action.

Dated: January __ 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge

9