UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Lewis Family Group Fund LP, *et al.*,

    Plaintiffs,

—v—

JS Barkats PLLC, *et al.*,

    Defendants.

16-CV-5255 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

On January 18, 2018, the Court issued a Memorandum Opinion & Order granting Defendant JPMorgan Chase Bank, N.A.'s ("Chase" or "Defendant") motion to dismiss the claims asserted against it in the Plaintiffs' Second Amended Complaint. *See Lewis Family Grp. Fund LP v. JS Barkats PLLC*, No. 16-CV-5255 (AJN), 2018 WL 502678 (S.D.N.Y. Jan. 18, 2018) [hereafter, "MTD Op."]. On February 1, 2018, Plaintiffs moved this Court for reconsideration of the opinion. *See* Dkt. Nos. 165-66. On February 8, 2018, Plaintiffs additionally filed a motion for leave to file a proposed Third Amended Complaint, which they allege would cure the deficiencies the resulted in the dismissal of their previous clams against Chase. *See* Dkt. No. 168.

For the following reasons, the Court DENIES Plaintiffs' motion for reconsideration and DENIES Plaintiffs' motion to amend.

1

## I. Background

The Court assumes the parties' familiarity with the factual history of this action. The reader is respectfully directed to the Court's January 18 Memorandum Opinion & Order for a detailed overview. MTD Op. at *1-2.

Procedurally, after the Plaintiffs filed two separate motions relating to the same Court ruling – one seeking for the Court to reconsider its ruling, and one seeking to amend its complaint in a manner that might cure the issues that led the Court to dismiss Chase – the Court ordered Chase to file one consolidated brief in opposition to both motions. *See* Dkt. No. 178. Both motions were fully submitted on March 14, 2018. *See* Dkt. No. 184.

## II. Motion for Reconsideration

### A. Legal Standard

Reconsideration of a previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (internal citations and quotation marks omitted). It is well-settled that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964). The Second Circuit has stated that courts "will not depart from [the law of the case] absent cogent or compelling reasons." *Pescatore v. Pan Am. World Airways, Inc.*, 97 F.3d 1, 8 (2d Cir. 1996) (internal quotation marks and citation omitted). Additionally, Local Rule 6.3 should be "narrowly construed and strictly applied" to avoid repetitive arguments already submitted to the Court. *In re Gen. Elec. Co. Secs. Litig.*, 856 F. Supp. 2d 645, 652 (S.D.N.Y. 2012).

Accordingly, under Federal Rule of Civil Procedure 54 and Local Rule 6.3, a court's decisions "may not usually be changed unless there is 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Official Comm. of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP* ("*Color Tile*"), 322 F.3d 147, 167 (2d Cir. 2003) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Limited circumstances for reconsideration may also exist is the movant "can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Mir. v. Shah*, 569 F. App'x 48, 50 (2d Cir. 2014) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). A motion for reconsideration is "not intended as a vehicle for a party dissatisfied with the Court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion" and "generally precludes a movant from advancing new facts, issues or arguments not previously presented to the court." *WestLB AG v. BAC Florida Bank*, 912 F. Supp. 2d 86, 95 (S.D.N.Y. 2012) (internal citations and quotations omitted).

**B. Analysis**

In short, Plaintiffs simply seek another bite at the proverbial apple. First, Plaintiffs' arguments that Count XI of the Second Amended Complaint was not "related" to the claims in the Interpleader Action, *see* Memorandum of Law in Support of Motion for Reconsideration ("Recon Br."), Dkt. No. 166, at 4-9, were not raised in their opposition to Chase's motion to dismiss, and cannot be raised for the first time here. *WestLB AG*, 912 F. Supp. 2d at 95. Second, Plaintiffs' arguments that the Court "overlooked" *Conner v. Bank of Bakersfield*, 174 Cal. 400 (1917), or other decisions of California state courts regarding the applicability of the compulsory

cross-complaint statute to interpleader actions, are plainly untrue. The Court considered these exact arguments in its prior opinion, and Plaintiffs' disagreement, however vehement, is no grounds for reconsideration. *See, e.g.*, MTD Op. at *3 (citing Plaintiffs' opposition brief citing *Conner*); *id.* (discussing the state court decision in *State Farm Fire & Cas. Co. v. Pietak*, 90 Cal. App. 4th 600 (2001) at length).

Accordingly, Plaintiffs raise no arguments warranting the Court's reconsideration. *See, e.g., Spier v. Calzaturificio Tecnica, S.p.A.*, 77 F. Supp. 2d 405, 407 (S.D.N.Y. 1999) (Rule 6.3 "is not satisfied by a losing party's renewed, gap-plugging dialogue" disagreeing with the Court's reading of the relevant authority or its application to the facts of the case). The motion is denied.

### III. Motion for Leave to Amend

#### A. Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that a court should "freely give leave when justice so requires," but "there are times when granting such leave may be inappropriate." *Duckett v. Williams*, 86 F. Supp. 3d 268, 275 (S.D.N.Y. 2015) (internal quotation marks, citation, and brackets omitted). The Court "has broad discretion in deciding whether or not to grant such a request." *St. Clair Shores Gen. Emps. Ret. Sys. v. Eibeler*, 745 F. Supp. 2d 303, 316 (S.D.N.Y. 2010) (citations and quotation marks omitted). Factors relevant to the Court's discretion include: (1) the presence of bad faith, dilatory motives, or undue delay on the part of the movant; (2) the movant's repeated failure to cure deficiencies by amendments previously allowed; (3) the potential for undue prejudice to an opposing party; and (4) whether the sought-after amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

When, as here, a scheduling order has been entered that set deadline for amending the pleadings, the relatively lenient standard under Rule 15(a) "must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (quoting Fed. R. Civ. P. 16(b)). Whether good cause exists turns on the "diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). In addition to diligence, the Court may "in the exercise of its discretion ... consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

**B. Analysis**

Plaintiffs seek to "cure the defect of Counts XI and XV...which resulted in their previous dismissal" and to "add certain facts to Count XI against Chase based on newly discovered evidence." Plaintiffs' Memorandum of Law in Support of Motion for Leave to Amend ("Amend Br."), Dkt. No. 172, at 1. Plaintiffs cannot show "good cause" for any of the amendments.

With respect to Count XI, Plaintiffs attempt to cure the deficiency by alleging that Defendant Sunny Barkats is a necessary party to the cause of action over whom the California Court had no general jurisdiction. However, as Chase notes, "Plaintiffs' failure to name Barkats as a defendant in Count XI in *this* action contradicts their argument that he was a necessary party to that same claim in California." JPMorgan Chase Bank, N.A.'s Memorandum of Law in Opposition to Plaintiffs' Motions ("Opp."), Dkt. No. 181, at 14. The facts upon which Plaintiffs rely in their attempt to avoid the bar of California's compulsory cross-complaint statute were also all available to them no later than June of 2016, more than a year before the June 30, 2017

deadline for moving to amend. *See* Declaration of Timothy Sotille, Dkt. No. 170, & Exs A-H; Civil Case Management Plan and Scheduling Order, Dkt. No. 65, at 2. Finally, Plaintiffs filed their Second Amended Complaint, having been granted leave from the Court, on May 5, 2017, months after Chase first raised its compulsory cross-complaint arguments. *See* Dkt Nos. 53 & 68. In short, the pattern here suggests that Plaintiffs were simply "waiting to see how [they] would fare on the prior motion to dismiss," which the Second Circuit recognizes as a sign of bad faith and a basis for denial of leave to amend. *Vine v. Beneficial Fin. Co.*, 374 F.2d 627, 637 (2d Cir. 1967); *see also State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990 ) ("When a moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly.").

Similarly, with respect to Count XV, Plaintiffs seek to add additional facts regarding injuries sustained by Plaintiff Kelly Ann Lewis in March and April of 2016, the "significance" of which did not become clear until the Court's previous order. *See* Amend Br. at 8. However, these facts, and their timing, were certainly known to Ms. Lewis, and counsel could have added the supposedly curative allegations when they first filed their Second Amended Complaint. Declaration of Simon Schwarz, Esq., Dkt. No. 169, ¶ 7.

Finally, Plaintiffs seek to allege new facts about the opening of a Chase account in March 2017 in the name of Jenelle Evans LLC d/b/a Lewis Family Investment, facts which Plaintiffs allege in their reply brief that they learned in October 2017 and that became developed at a deposition on December 21, 2017. Reply Memorandum of Law, Dkt. No. 184, at 2. Plaintiffs moved to extend discovery based on these new allegations at the Court's January 26, 2018 status conference, a motion the Court denied. *See* Transcript of January 26, 2018 Conference. There is

no compelling reason offered for why Plaintiffs' motion to amend should receive any different response. Chase would be prejudiced by amendment here, because they would have to expend additional time and money to defend against the new allegations, including potentially re-deposing witnesses or third parties. *See* Opp. at 13.

"There is a strong interest in finality of judgments and the expeditious termination of litigation." *In re Eaton Vance Mut. Funds Fee Litig.*, 403 F. Supp. 2d 310, 320 (S.D.N.Y. 2005) (citing *Nat'l Petrochemical Co. of Iran v. M/Y Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991)). In a case as long-running as this one, with Plaintiffs who have been granted leave to amend previously and who have delayed bringing this motion until after the Court dismissed Chase from the action, the Plaintiffs have not been diligent enough to show "good cause" why the Court should modify its scheduling order. Accordingly, Plaintiffs' motion to amend is denied.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for reconsideration of the Court's January 18 Order, and Plaintiffs' motion for leave to file its proposed Third Amended Complaint are both DENIED. Defendant Chase remains dismissed from the action. This Order resolves Dkt. Nos. 165, 166, 168, and 173.

According to the joint stipulation endorsed by the Court, *see* Dkt. No. 180, the remaining parties must file their summary judgment motions, if any, within 30 days of this Order.

Dated: July 25, 2018
New York, New York

ALISON J. NATHAN
United States District Judge