LAW OFFICES OF MICHAEL B. WOLK, P.C.
31 West 34th Street, Suite 7040
New York, New York 10001
Tel:     917-238-0576
Fax:    973-535-1148
Email:  michael.wolk@wolkgroup.com

December 4, 2018

**ECF LETTER-MOTION**
The Honorable Alison J. Nathan
United States District Judge
United States District Court for the
 Southern District of New York
40 Foley Square, Room 2102
New York, New York 10007

      Re: Lewis Family Group Fund, LP, et al. vs. JS Barkats PLLC, et al.
         Case No: 1:16-cv-05255 (AJN)
         Application for a Temporary Stay of this Civil Case due to a Criminal
         Indictment against Defendant Sunny Barkats involving the same disputed
         transactions being litigated herein

Your Honor:

On November 21, 2018, Your Honor issued an Order (Dkt 199) directing the Barkats Defendants to file a status update about the state criminal proceedings and to identify legal authority they believe would support a continued stay of this civil case until the conclusion of the state criminal proceedings.  This letter application has been filed in response to Your Honor's Order.

     ***

I am litigation counsel in this civil case for the defendants Sunny J. Barkats ("Mr. Barkats") and Barkats-affiliated entities JS Barkats PLLC and Sunny Sky Realty LLC ("Barkats Entities") (collectively, "Barkats Defendants").

Scott Grauman, Esq., a criminal defense attorney, represents Mr. Barkats (and his interests involving the Barkats Entities) in response to the issuance of a New York State grand jury criminal indictment against Mr. Barkats (the "Barkats Indictment").

On November 19, 2018, in a prior filing, Plaintiffs' counsel admits "there is in fact a sealed grand jury indictment criminally charging Mr. Barkats with grand larceny and that a warrant has been issued for his arrest." Dkt. 197 (p. 3)

I am informed that, on the date the arrest warrant was issued by state law enforcement, Mr. Barkats was overseas, with various family members, attending to medical ailments afflicting Mr. Barkats' grandfather.

1

I am also informed that, in response to the arrest warrant, criminal defense counsel for Mr. Barkats has been in contact with state law enforcement in an effort to arrange, hopefully, a mutually acceptable bail package - - so as to ensure that Mr. Barkats will not be incarcerated, for any period of time, upon his return to New York.

I am also informed that Mr. Barkats' wife is in New York, waiting for her husband to return once a mutually acceptable bail package has been arranged.  On November 19, 2018, Plaintiffs' counsel confirmed that Mr. Barkats' wife is in New York.  Dkt. 197 (p. 3) (first paragraph starting with "The following morning, I observed…").

As of today, my understanding is that criminal defense counsel for Mr. Barkats and state law enforcement are involved in an ongoing effort to arrange a mutually acceptable bail package - - so as to avoid, hopefully, a contested bail hearing, upon Mr. Barkats' return to New York.

   \*\*\*

On November 2, 2018, in a prior filing (Dkt. 195), I referred Your Honor to documentary evidence in the Record indicating that Plaintiffs, during this civil case, have been instrumental in causing a concurrent criminal investigation, which has now resulted in the issuance of the Barkats Indictment.

Significantly, in response to my November 2, 2018 filing, Plaintiffs have not disputed that, during this civil case, they have been instrumental in causing a concurrent criminal investigation, which has now resulted in the issuance of the Barkats Indictment.

Moreover, Plaintiffs have not disputed that one or more members of the Lewis Family Plaintiffs testified during the grand jury proceedings that have now resulted in the issuance of the Barkats Indictment.

Since Mr. Barkats has not yet returned to New York as part of a mutually acceptable bail package, I am informed that the Barkats Indictment remains sealed - - and, therefore, I am unable to provide a copy thereof to Your Honor for review.

However, based upon the unrefuted documentary evidence in the Record (Dkt 195) about Plaintiffs' active and instrumental role in causing a concurrent criminal investigation leading to the issuance of the Barkats Indictment - - and Plaintiffs' failure to deny the personal involvement of one or more members of the Lewis Family in the grand jury proceedings - - the evidence indicates that the Barkats Indictment involves the same disputed transactions being litigated herein.

   \*\*\*

Earlier this year, Your Honor granted an application to stay part of a civil case pending the conclusion of criminal proceedings.  See *Securities and Exchange Commission v. Blaszczak*, __ WL __, Case No. 17-cv-3919 (AJN) (Jan. 3, 2018) (the "Blaszczak Case").

In granting the stay, Your Honor applied six relevant factors, pursuant to the Second Circuit's decision in *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98-99 (2d Cir. 2012): "When deciding whether to stay civil proceedings pending imminent criminal proceedings, courts of this Circuit consider six factors: 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest."  *Id.*

In granting the stay, on the first factor as to issue overlap, Your Honor ruled that "the overlap of issues between the criminal and civil cases" weighs in favor of a stay.  *Id.*  Here, as set forth above, there is issue overlap between the criminal case and this civil case, thereby weighing in favor of a stay.

In granting the stay, on the second factor as to criminal case status, Your Honor ruled that "A stay of a civil case is most appropriate where a party to the civil case has already been indicted in the criminal case because the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations [cit. om. and int. quot. om.]."  *Id.*  Here, as set forth above, there is a Barkats Indictment in the criminal case, thereby weighing in favor of a stay.

Significantly, these two factors have been emphasized as paramount by the Southern District of New York.  "The most important factor at the threshold is" this first factor regarding "the degree to which the civil issues overlap with the criminal issues."  *Volmar Distrib., Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).  Thus, "the strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter."  *Id.*

Moreover, in granting the stay, on the fifth factor as to the interests of the Court, Your Honor ruled in the Blaszczak Case that "As other courts have noted, a civil case is likely to benefit to some extent from the Criminal Case no matter its outcome [cits. om. and int. quot. om.].  The Criminal Case will resolve issues of fact common to the civil case and may reduce the number of issues to be decided in subsequent proceedings in this case [cits. om.].  As a result, the Court's interest in 'efficient use of judicial resources' [cit. om.] is best served [by a stay]."  Here, the same reasons identified by Your Honor in the Blaszczak Case also apply to the situation herein, thereby weighing in favor of a stay.

As to the fourth factor of the private interests of and burden on defendants, the Southern District of New York has observed that "the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination" and "expose the defense's theory to the prosecution in advance of [a criminal] trial, or otherwise prejudice the criminal case."  *Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y. 1995); *accord SEC v. Boock*, 2010 WL 2398918, at *2 (S.D.N.Y. 2010) ("A stay may be entered to address the interests of a defendant who faces the choice of being prejudiced in the civil litigation if he asserts his Fifth

Amendment rights or prejudiced in the criminal litigation if those rights are waived.").

As to the sixth factor of the public interest, the Southern District of New York has observed that "Because of the overlapping issues in the criminal and civil cases, the criminal prosecution will serve to advance the public interest at stake here [cit. om.]." *Trustees of the Plumbers*, 886 F. Supp. At 1140.

Finally, as to the third factor of the private interests of the plaintiffs, this factor has typically been outweighed by a combination of the other factors.  See, e.g., T*rustees of the Plumbers,* 886 F. Supp. at 1140-41, where then Southern District of New York Judge Chin stated that "The inconvenience and delay to plaintiffs that will unfortunately be caused by a stay are outweighed by the defendants' significant Fifth Amendment concerns, particularly where a stay will not inordinately prolong the civil case and where the criminal prosecution could provide some benefit to the civil case and advance public interests."

   ***

Pursuant to the foregoing, it is respectfully requested that the Court grant a temporary stay of this civil case, pending a conclusion of the state criminal proceedings.

Thank you for Your Honor's time and attention to this matter.

                Respectfully submitted,

                /s/

                Michael B. Wolk

cc: Plaintiffs' counsel (by efiling)