LAW OFFICES OF MICHAEL B. WOLK, P.C.
31 West 34th Street, Suite 7040
New York, New York 10001
Tel:    917-238-0576
Fax:    973-535-1148
Email:  michael.wolk@wolkgroup.com

December 7, 2018

**ECF LETTER-MOTION**
The Honorable Alison J. Nathan
United States District Judge
United States District Court, S.D.N.Y.
40 Foley Square, Room 2102
New York, New York 10007

      Re: Lewis Family Group Fund, LP, et al. vs. JS Barkats PLLC, et al.
          Case No: 1:16-cv-05255 (AJN)
          REPLY in support of Application for a Temporary Stay of this Civil Case due
          to a Criminal Indictment against Defendant Sunny Barkats involving the
          same disputed transactions being litigated herein

Your Honor:

I respectfully submit this Reply in support of the Barkats Defendants' Letter Application filed December 4, 2018 (Dkt 200) for a temporary stay of this civil case due to the undisputed issuance of the Barkats Indictment (the "Stay Application").[1]

Earlier today, Plaintiffs' counsel filed a letter in opposition to the Stay Application (the "Opp."). Dkt. 201.  This Reply has been promptly prepared in response thereto.

      ***

FIRST, despite the Opp.'s vigorous protest to a stay, the Opp. notably fails to dispute the following, critically important, *factual* aspects of the Stay Application - - indicating there is a *factual* basis that the Barkats Indictment involves the same disputed transactions being litigated herein:

On November 19, 2018, in a prior filing, Plaintiffs' counsel admits "there is in fact a sealed grand jury indictment criminally charging Mr. Barkats with grand larceny and that a warrant has been issued for his arrest." Dkt. 197 (p. 3) and Dkt. 200 (p. 1);

On November 2, 2018, in a prior filing (Dkt. 195), I referred Your Honor to documentary evidence in the Record indicating that Plaintiffs, *during this civil case*, have been instrumental in causing a concurrent criminal investigation, which has now resulted in the issuance of the Barkats Indictment. Dkt. 195 and Dkt. 200 (p. 2);

---

[1] All terms not defined herein shall have the same meanings given to them in the Stay Application. Dkt. 200.

1

In response to my November 2, 2018 filing (Dkt. 195) and the filed Stay Application (Dkt. 200), Plaintiffs have not disputed that, *during this civil case*, they have been instrumental in causing a concurrent criminal investigation, which has now resulted in the issuance of the Barkats Indictment. Dkt. 201 (Opp., failing to dispute and ignoring this critically important *fact*); and

In response to the filed Stay Application (Dkt 200), Plaintiffs have not disputed that one or more members of the Lewis Family Plaintiffs testified during the grand jury proceedings that have now resulted in the issuance of the Barkats Indictment. Dkt. 201 (Opp., failing to dispute and ignoring this critically important *fact*).

Accordingly, based upon the unrefuted documentary evidence in the Record (Dkt 195, 200 and 201) about Plaintiffs' active and instrumental role in causing a concurrent criminal investigation leading to the issuance of the Barkats Indictment - - and Plaintiffs' failure to deny their testimony before and involvement in the grand jury proceedings leading to the issuance of the Barkats Indictment (Dkt 200 and 201) - - the evidence indicates that the Barkats Indictment, *in fact*, involves the same disputed transactions being litigated herein.[2]

  \*\*\*

SECOND, despite the Opp.'s vigorous protest to a stay, the Opp. notably fails to dispute that five of the six stay factors, as set forth in the legal authorities cited in the Stay Application (Dkt 200), strongly weigh in favor of the issuance of a stay.[3]

Accordingly, based upon the legal authorities cited in the Stay Application (Dkt 200), Plaintiffs' subjective wish to proceed with this case is strongly outweighed by five other factors that favor the issuance of a stay.  See, e.g., *Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.,* 886 F. Supp. 1134, 1140-41 (S.D.N.Y. 1995) ("The inconvenience and delay to plaintiffs that will unfortunately be caused by a stay are outweighed by the defendants' significant Fifth Amendment concerns, particularly where a stay will not inordinately prolong the civil case and where the criminal prosecution could provide some benefit to the civil case and advance public interests.").

---

[2] Based upon this unrefuted documentary evidence in the Record (Dkt 195, 200 and 201) about Plaintiffs' active and instrumental role in causing a concurrent criminal investigation leading to the issuance of the Barkats Indictment - - and Plaintiffs' failure to deny their testimony before and involvement in the grand jury proceedings leading to the issuance of the Barkats Indictment (Dkt 200 and 201) - - it is virtually unfathomable that Plaintiffs, in their Opp., claim there is no "non-speculative way that any state criminal proceedings underlying an arrest warrant issued by a Supreme Court Justice in New York County for grand larceny is 'wholly (or partially) based upon the same subject matter [as] this civil case'."

[3] Although Plaintiff claims, in the Opp., that there is no "issue overlap" between the Barkats Indictment and this case, that assertion is belied and refuted by unrefuted evidence addressed in this Reply - - and the Opp. ignores the legal authorities, cited in the Stay Application (Dkt 200), that "the strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter." *Volmar Distrib., Inc. v. New York Post Co., Inc.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

   \*\*\*

THIRD, the Opp. inappropriately seeks to prejudice my client based upon two different, and unrelated, civil cases in which I am not counsel for Mr. Barkats. In order to avoid duplication of argument, the Court is respectfully referred to my prior filing (Dkt 198) explaining why these two different, and unrelated, civil cases have no legal relevance to this Stay Application.[4]

And, the Opp. also inappropriately seeks to prejudice my client through the use of inaccurate, name-calling terms, such as Mr. Barkats "being a fugitive from the law" from "his overseas hideout" and is "on the lam." Tellingly, the Opp. does not claim to have any personal knowledge to support these allegations. Moreover, the Opp. fails to dispute my testimonial evidence in prior filings (Dkt 195, 198, and 200) that Scott Grauman, Esq. (criminal defense counsel for Mr. Barkats) and law enforcement are involved in an ongoing effort to arrange a mutually acceptable bail package - - so as to avoid, hopefully, a contested bail hearing, upon Mr. Barkats' return to New York.[5]

   \*\*\*

Pursuant to the foregoing, it is respectfully requested that the Court grant a temporary stay of this civil case, pending a conclusion of the state criminal proceedings.

Thank you for Your Honor's time and attention to this matter.

                                            Respectfully submitted,

                                                       /s/

                                            Michael B. Wolk

cc: Plaintiffs' counsel (by efiling)

---

[4] In the highly unlikely event that Your Honor would find that these two different, and unrelated, civil cases have any legal relevance to this Stay Application, then it is respectfully requested that Your Honor afford an opportunity to Mr. Barkats' different civil litigation counsel therein to address the subjective characterizations thereof in the Opp. Moreover, it is disturbing that the Opp. also seeks to prejudice Mr. Barkats on the basis of unspecified "allegations" in other unspecified civil cases (apart from the two unrelated civil cases that are identified in the Opp.) - - and, to the best of my knowledge, there is no civil case in which there has been any merits adjudication by any court that Mr. Barkats, as alleged in the Opp., has engaged in "fraud and outright theft."

[5] Similarly, the Opp. does not claim to have any personal knowledge contradicting what I previously represented to the Court in the Stay Application (Dkt 200) that (a) I am informed that, on the date the arrest warrant was issued by state law enforcement, Mr. Barkats was overseas, with various family members, attending to medical ailments, afflicting Mr. Barkats' grandfather and (b) I am also informed that, in response to the arrest warrant, Mr. Barkats' criminal defense counsel has been in contact with state law enforcement in an effort to arrange, hopefully, a mutually acceptable bail package - - so as to ensure that Mr. Barkats will not be incarcerated, for any period of time, upon his return to New York.