USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/21/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lewis Family Group Fund LP f/k/a Lewis Family Investments Fund LP, LF Fund GP LLC, and Kelly Ann Lewis,

                    Plaintiffs,

        –v–

JS Barkats PLLC *et al.*,

                    Defendants.

16-CV-5255 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    In the Court's previous order, it found "that entry of default judgment against the Barkats Defendants is appropriate as a sanction pursuant to Rule 37(b)(2)(A)(iii) and (vi)" as incorporated by Rule 16(f). Dkt. No. 252 at 5. The Court further asked for briefing providing as to whether the allegations in their second amended complaint are sufficient to establish the Barkats Defendants' liability as a matter of law, pursuant to Rule 55. Plaintiffs submitted briefing on this subject with regard to Counts 1, 4, 5, and 7. *See* Dkt. No. 258. They did not submit legal authority with regard to their other counts or their alter ego allegations. Plaintiffs have also reiterated their position that an inquest is necessary to determine the proper amount of damages. *See* Dkt. No. 251. The Barkats Defendants failed to provide an opposition despite being given an opportunity to do so.

    As a preface to their submission, Plaintiffs argue that they need not show that their allegations establish liability as a matter of law before default judgment is rendered and the matter is referred for an inquest because default judgment is being sought under Rule 37, which they view as separate from Rule 55. They further reason that default judgment under Rule 37 is

1

meant to be a more punitive sanction than default judgment under Rule 55.  The Court agrees with Plaintiffs, to an extent.  It is true that Rule 37 provides an avenue to default judgment independent from Rule 55, and that the sufficiency of the complaint's allegations is not necessarily relevant to whether default judgment was properly imposed under Rule 37.  *See Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444 (2d Cir. 2013); *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849 (2d Cir. 1995).

Accordingly, the Court renders default judgment and refers this matter to Judge Cott for an inquest.  *See, e.g.*, *Villalta v. J.S. Barkats, PLLC*, No. 16-cv-2772 (RA), 2020 U.S. Dist. LEXIS 123394, (S.D.N.Y. July 14, 2020) (granting motion for default judgment under Rule 37 and referring for an inquest without first determining whether the facts as alleged and deemed admitted are sufficient to establish the plaintiff's claims).  However, the Court notes that the sufficiency of the complaint's allegations still matter.  Even for a Rule 37 default judgement, damages are not available for claim unless the allegations in the complaint underlying that claim are "well-pleaded," that is, sufficient to establish liability.  *See Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63, 69 (2d Cir. 1971), *rev'd sub nom. on other grounds Hughes Tool Co. v. Trans World Airlines, Inc.*, 409 U.S. 363 (1973); *see also Isigi v. Dorvilier*, 795 F. App'x 31, 33-34 (2d Cir. 2019) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)); *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014).  Therefore, in conjunction with the inquest, Judge Cott should evaluate whether Plaintiffs' allegations establish liability as a matter of law.  *See, e.g.*, *Mondragon v. Keff*, No. 15-cv-2529 (JPO) (BCM), 2019 U.S. Dist. LEXIS 92704 (May 31, 2019).

Within seven days of this order, counsel for the Barkats Defendants shall serve this order on his client and file proof of service with this Court.

SO ORDERED.

Dated: July  21 , 2020
      New York, New York

_____
ALISON J. NATHAN
United States District Judge