USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/21/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
LEWIS FAMILY GROUP FUND LP, *et al.*,   :
                                               :    **SCHEDULING ORDER FOR**
             Plaintiffs,          :    **DAMAGES INQUEST**
                                               :
    -v.-                                     :    16-CV-5255 (AJN) (JLC)
                                               :
JS BARKATS PLLC, *et al.*,   :
                                               :
            Defendants.        :
---------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

      On July 21, 2020, Judge Nathan granted a default judgment against the Barkats defendants (Dkt. No. 267) and referred this case to me to conduct an inquest into damages and to evaluate whether plaintiffs' allegations establish liability as a matter of law (Dkt. No. 268 at 2). The plaintiffs previously addressed whether the allegations in their second amended complaint are sufficient to establish the Barakats defendants' liability as a matter of law, pursuant to Rule 55, but only as to Counts 1, 4, 5, and 7. Dkt. No. 258. The plaintiffs are directed to submit admissible evidence that will allow the Court to establish damages, and may further supplement their submissions as to liability, as outlined in this Order.

      "[E]ven when the defendant defaults and is not present to object, damages must be based on admissible evidence." *Am. Jewish Comm. v. Berman*, No. 15-CV-5983 (LAK) (JLC), 2016 WL 3365313, at *4 (S.D.N.Y. June 15, 2016) (quoting *House v. Kent Worldwide Mach. Works, Inc.*, 359 F. App'x 206, 207 (2d Cir. 2010)) (citations omitted), *adopted by* 2016 WL 4532201 (S.D.N.Y. Aug. 29, 2016). In the

context of a default, allegations in a pleading pertaining to damages are not deemed admitted. *Nat'l Photo Grp., LLC v. Bigstar Entm't, Inc.*, No. 13-CV-5467 (VSB) (JLC), 2014 WL 1396543, at *2 (S.D.N.Y. Apr. 11, 2014) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)), *adopted by* 2014 WL 5051275 (S.D.N.Y. Oct. 8, 2014). Rather, "a plaintiff must submit sufficient evidence, in the form of detailed affidavits and other documentary materials to enable the district court to 'establish damages with reasonable certainty.'" *Id.* (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)) (internal citations omitted); *see also* Fed. R. Civ. P. 55(b)(2).

Moreover, a default "only establishes a defendant's liability if those allegations are sufficient to state a cause of action against the defendants." *Gesualdi v. Quadrozzi Equip. Leasing Corp.*, 629 F. App'x 111, 113 (2d Cir. 2015). Therefore, the Court must determine "whether the allegations in the complaint establish the defendants' liability as a matter of law." *Id.* (citing *Finkel*, 557 F.3d at 84). In its previous submission, plaintiffs provided legal authority only with respect to Counts 1, 4, 5, and 7, but not to their other Counts or their alter ego allegations. *See* Dkt. No. 258. Accordingly, the plaintiffs may provide legal authority to support their contention that the allegations in their second amended complaint are sufficient to establish the Barkats defendants' liability as to the other Counts and their alter ego allegations. Alternatively, the plaintiffs should clarify whether they are not seeking damages as to the counts in their pleadings for which they have not provided any authority.

Accordingly, it is hereby **ORDERED** that:

1. Plaintiffs shall serve defendants and file Proposed Findings of Fact and Conclusions of Law concerning all damages and any other monetary relief permitted under the entry of default judgment no later than **August 15, 2020.** Plaintiffs shall include with such service a copy of this Order.  The submission shall contain a concluding paragraph that succinctly summarizes what damage amount (or other monetary relief) is being sought, including the exact dollar amount.

2. Plaintiffs' Proposed Findings of Fact should specifically tie the proposed damages figures to the legal claims on which liability has been established; should demonstrate how plaintiffs have arrived at the proposed damages figures; and should be supported by one or more affidavits, which may attach any documentary evidence establishing the proposed damages.  <u>Each Proposed Finding of Fact shall be followed by a citation to the paragraphs of the affidavits and or page of documentary evidence that supports each such Proposed Finding</u>.  To the extent the Proposed Findings contain any allegations regarding liability, the Proposed Findings should cite to the appropriate paragraph of the complaint.

Any request for attorneys' fees must be supported by contemporaneous time records showing, for each attorney, the date of service, the hours expended, and the nature of the work performed.  Counsel should file an affidavit providing the number of years each attorney has been admitted to the bar and their hourly rate.  Counsel should also include charts related to any fees that they are seeking, in terms of hours and number of attorneys, if appropriate.  The Conclusions of Law

shall include a paragraph or paragraphs setting forth the legal basis for any requested award of attorney's fees, including why, if applicable, the number of attorneys involved are entitled to fees. Finally, counsel should provide documentary evidence justifying an award of cost.

    In lieu of conclusions of law, plaintiffs may submit a memorandum of law setting forth the legal principles applicable to plaintiffs' claim or claims for damages (including but not limited to the legal basis for any claim for interest or attorneys' fees). Plaintiffs' papers must include an affidavit from someone with personal knowledge, setting forth the facts which establish liability, the proposed damages amount, and facts which establish that the Court has both personal jurisdiction over the defendants, and jurisdiction over the subject matter.

    Defendants shall send to plaintiffs' counsel and file with the Court their response, if any, to plaintiffs' submissions no later than **September 4, 2020.**

    3. The Court hereby notifies the parties that it may conduct this inquest based solely upon the written submissions of the parties. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991)); *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). To the extent that any party seeks an evidentiary hearing on the issue of damages, such party must set forth in its submission the reason why the inquest should not

be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing and the nature of the evidence that would be submitted.

    4.  A courtesy copy of any document filed with the Court shall be sent or delivered to the undersigned.

Dated: July 21, 2020
      New York, New York

                                         JAMES L. COTT
                                         United States Magistrate Judge